UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-7445-DMG (MBKx)** | Date | July 31, 2026 |
| Title | ***GS Holistic, LLC v. Smokers Cave Inc., et al.*** | Page | 1 of 2 |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTION TO WITHDRAW AS COUNSEL [95] AND NOTICE TO PARTIES**

Attorneys Milord A. Keshishian and Shannon M. Skrzynski of Milord Law Group P.C. ("Movants") move to withdraw as counsel for Kassir Makhloof, Salim Bittar, and S&MB Inc., *doing business as* Smokers Cave, who are Defendants and Cross-Claimants in this action. MTW [Doc. # 95]. Granting the MTW leaves Makhloof, Bittar, and S&MB, Inc., *pro se*, that is, self-represented. A hearing on the MTW was held on July 30, 2026. Neither Makhloof, Bittar, nor a representative for S&MB, Inc. appeared at the hearing.

A motion to withdraw as counsel requires Court approval. C.D. Cal. L.R. 83-2.3.2. Such a request must be made upon written notice given reasonably in advance to the client and must be supported by good cause. *Id.* Movants state that the basis for their motion is a breakdown in the attorney-client relationship caused by failure to act in accordance with Movants' legal advice and the outstanding substantial legal fees and failure to pay amounts owed. *See* Decl. of Milord Keshishian ¶¶ 2–4 [Doc. 95-1]. Movants emailed Makhloof and Bittar regarding their intention to withdraw as counsel on June 10, 2026 and advised them that S&MB, Inc., could not proceed *pro se*. *Id.* ¶ 8. On June 17, 2026, a translator for Makhloof and Bittar acknowledged receipt of the email. *Id.*

Further, on June 30, 2026, the Court issued an Order in which it advised Makhloof and Bittar that granting the MTW would result in them having to litigate this action *pro se*, that they had to appear personally for the hearing on the MTW, and that failure to appear could result in the entry of default against them with respect to claims brought against them and dismissal of their cross-claims without prejudice. [Doc. # 96 at 2.] The Order also explained that S&MB could not proceed *pro se* and would have default entered against it on claims against it and its cross-claims dismissed if it failed to retain counsel. *Id.* The Court directed Movants to serve a copy of the Order on their clients. *Id.* at 1. Movants filed a proof of service indicating compliance with the Order on July 6, 2026. [Doc. # 97.]

Accordingly, the Court finds good cause and **GRANTS** the MTW provided Movants timely file the proof of service described in this Order. *See* Cal. R. Prof. Conduct 1.16(b)(4), (5). Movants shall serve this Order on their clients and thereafter file a proof of service by **August 10, 2026**.

Because Makhloof and Bittar will be litigating this action *pro se*, they must keep the Court apprised of their current mailing addresses and other contact information. *See* C.D. Cal. L.R. 41-6. They will receive service of court filings and orders by mail unless they each file an application for electronic filing that the Court approves.[1]

**NOTICE TO *PRO SE* PARTIES AND ORDER TO SHOW CAUSE**

Maklhoof and Bittar are expected to comply with all Court orders, the Local Rules, and the Federal Rules of Civil Procedure.[2] *See* C.D. Cal. L.R. 83-2.2.3. Failure to do so may result in the imposition of sanctions, including but not limited to the dismissal of their cross-claims and the entry of default on claims brought against them.

S&MB, Inc. is again reminded that it cannot proceed *pro se*. Unless it retains new counsel who enters an appearance by **September 15, 2026**, the Court will enter its default as to claims brought against it and will dismiss its cross-claims without prejudice.

Malklhoof and Bittar are further ordered to show cause why default should not be entered on the claims against them and why their cross-claims should not be dismissed without prejudice for failure to comply with a Court order and failure to prosecute/defend. Failure to timely respond to this show cause order by **September 15, 2026** will result in the entry of default on all claims brought against Defendants and dismissal of all cross-claims brought by them.

**IT IS SO ORDERED**.

---

[1] *See* Form CV-005, *available at* https://www.cacd.uscourts.gov/court-procedures/forms/Civil%20Forms.

[2] *Pro se* litigants often face special challenges in federal court. Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, CA 90012. *Pro se* litigants must call and make an appointment at (213) 385-2977, ext. 270 or submit an online application to request services at https://publiccounsel.org/services/federal-court/application-for-services/.